UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| **JARED KRUGER, MARK VAN ESSEN, LYNN KIRSCHBAUM, DONNA and ROBERT KOON, and SCHUMACHER DAIRY FARMS OF PLAINVIEW LLC**, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>**LELY NORTH AMERICA, INC.,**<br><br>Defendant. | Case No. 0:20-cv-00629 (KMM/DTS)<br><br><br>ORDER |

This matter is before the Court on Plaintiffs' Consent Motion for Approval of Settlement. [ECF 188.]  The Court has approved the final settlement by separate order. This Order addresses the request of one of the named plaintiffs, Jared Kruger, to modify the agreed-upon settlement to increase his service award.

Mr. Kruger submitted a letter to the Court a few days ahead of the Final Approval Hearing expressing his dissatisfaction with the final settlement and his concerns about the process by which the settlement was achieved. He also submitted a letter from his father detailing similar concerns.  Mr. Kruger then appeared at the hearing and addressed the Court.  He advised the Court that he was not seeking to opt out of the settlement, nor to contest or interfere with the settlement generally.  As a named plaintiff and class

representative, he took seriously the fact that many class members would benefit from the settlement and were waiting on their payments. But he expressed frustration at what he and his family had experienced using the robotic milking machines. Mr. Kruger also described dissatisfaction with the value of the cash payout to the class members, a number that was lower than hoped for because so many class members chose to participate in the settlement. He explained that he felt like he had been left out of the settlement negotiations. And finally, he discussed that he believed he was essential to the success of the litigation and to the achieving of any settlement at all, and therefore his service award should be greater.

The Court appreciates that Mr. Kruger came to Court to express his concerns. But the Court is unable to give him the relief he seeks. Courts considering class action settlements have discretion on whether to approve a service award to a class representative. *Caligiuri v. Symantec Corp.*, 855 F.3d 860, 867 (8th Cir. 2017) (explaining the discretion of courts to "grant service awards to named plaintiffs in class action suits to promote the public policy of encouraging individuals to undertake the responsibility of representative lawsuits") (internal quotations omitted). The Court has not found any authority by which it can increase such a payment. Nor would the Court be comfortable tinkering with one part of a complex settlement by doing so. For instance, given that Mr. Kruger's payment is twice as high as any other class representative in this case and five times higher than some, would the Court increase everyone's payment or just his? And what part of the settlement would be reduced to fund the increase to Mr. Kruger? The Court notes that,

according to its research, the $50,000 service award received by Mr. Kruger is far greater than the average service award; indeed, the Court has never seen such a large award in any of its prior class action cases.  The Court is not suggesting that reducing the award is required, but instead the Court observes that even if it had the authority to increase service awards generally, it does not think it could use its discretion to increase an award this large.

Therefore, the Court respectfully declines Mr. Kruger's request for the Court to modify the settlement and increase his class representative award.

Date: September 1, 2023                             *s/Katherine Menendez*
                                                    Katherine Menendez
                                                    United States District Judge